RECEIVED
IN ALEXANDRIA, LA
APR 2 3 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LAWRENCE GUIDRY, JR. | DOCKET NO. 08-109; SEC. P |
| VERSUS | JUDGE DRELL |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. §1983) of Plaintiff Lawrence Guidry, Jr., filed on January 22, 2008. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, and he is incarcerated at the Natchitoches Parish Detention Center, Natchitoches, Louisiana. Plaintiff complains that the law requiring him to register as a sex offender is in violation of his constitutional rights. He seeks monetary and injunctive relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff claims that Louisiana Revised Statues 15:542 - 551, Louisiana's sex offender neighborhood notification laws, are unconstitutional. He claims that the laws violate a plethora of constitutional rights. He also claims that the statutes impose a form of double jeopardy and, as applied to him, the laws are constitutionally prohibited ex post facto because he was convicted

on May 19, 2005, and the effective dates of the statutes was August 15, 2006.

## LAW AND ANALYSIS

I.  EX POST FACTO

Plaintiff claims that he was convicted of a crime before the effective date of the sex offender registry and notification statutes. It is well-settled that the Louisiana sex offender registry and notification laws are not unconstitutional. See Moore v. Avoyelles Corr. Ctr., 253 F.3d 870, 872 (5th Cir. 2001).

As noted by the Fifth Circuit Court of Appeal, "Article I, §10 of the Constitution prohibits the states from enacting any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Moore, 253 F.3d 870, 872 (5th Cir. 2001), citing Weaver v. Graham, 450 U.S. 24, 28, 67 L. Ed. 2d 17, 101 S. Ct. 960 (1981) (citations omitted). However, Louisiana's sex offender notification laws are not punitive and serve an important non-punitive goal of "'alerting the community to the presence of sexual predators...and giving guidance to the community to allow it to avert new and tragic sexual offenses.'" Moore v. Avoyelles Corr. Ctr., 253 F.3d at 873, citing Russell v. Gregoire, 124 F.3d 1079, 1091 (9th Cir. 1997) (holding that Washington's sex offender neighborhood notification law, which "is tailored to help the community protect itself from sexual predators under the guidance

2

of law enforcement, not to punish sex offenders," serves a remedial purpose).

In Moore, 253 F.3d at 872, the Fifth Circuit held that Louisiana sex offender notification laws do not violate the Constitution's proscription of ex post facto laws because they are not punitive in intent or effect. See id.; see also Herron v. Cockrell, 78 Fed. Appx. 429, 430 (5th Cir. 2003). Furthermore, subsequent to the Moore case, the United States Supreme Court held that retroactive application of "Megan's laws" requiring sexual offender registration and notification do not violate the Ex Post Facto Clause. See Smith v. Doe, 538 U.S. 84 (2003); see also Connecticut Department of Public Safety v. Doe, 538 U.S. 1 (2003) (notification provisions of sex offender registration law do not violate procedural due process).

II. CONSTITUTIONAL RIGHTS

Plaintiff cannot establish that the sex offender registry statutes violate any of his constitutional rights. Although the Fourteenth Amendment protects an "individual interest in avoiding disclosure of personal matters," the Fifth Circuit has recognized that the contours of this right are "murky" and has cautioned lower courts against "trivializing the Fourteenth Amendment by making it a magnet for all claims involving personal information, state officers, and unfortunate indignities." Williams v. Ballard, 2004 WL 1499457, 7 (N.D. Tex. 2004)(citing Zaffuto v. City of Hammond,

308 F.3d 485, 489-90 (5th Cir. 2002)). For this reason, the Fourteenth Amendment right to confidentiality is narrowly construed to protect only the most private and intimate facts. Id. Plaintiff's identifying information does not fall within this category. See id. (citations omitted).

As the Supreme Court has stated, "The purpose and the principal effect of notification are to inform the public for its own safety, not to humiliate the offender. Widespread public access is necessary for the efficacy of the scheme, and the attendant humiliation is but a collateral consequence of a valid regulation." Smith v. Doe, 538 U.S. 84, 99 (2003).

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claims be DENIED and DISMISSED WITH PREJUDICE as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 23rd day of April, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE